﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 191223-51624
DATE: November 30, 2020

REMANDED

Entitlement to service connection for an overactive bladder disability, to include as secondary to the Veteran’s service-connected hypertension, is remanded.

VETERAN’S CONTENTIONS

The Veteran contends that he should be service connected for his overactive bladder (OAB) disability because it was caused by medication prescribed for his service-connected hypertension. See August 2019 VA 21-526EZ, Fully Developed Claim. Specifically, the Veteran stated he began to experience the symptoms of OAB in 1989 after he began taking his blood pressure medication. See September 2019 VA Examination. The Veteran also stated that although his blood pressure medication has changed, he still experiences the symptoms of OAB disorder. 

REASONS FOR REMAND

The Veteran served on active duty from November 1985 to February 1995. This matter comes before the Board of Veteran’s Appeal (Board) on appeal from a November 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA)’s decision on their claim to seek review. The Veteran opted into the AMA review system when he submitted a claim on August 7, 2019. This remand has been written consistent with the new AMA framework.

In the December 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the RO decision on appeal. 38 C.F.R. § 20.301. 

Entitlement to service connection for overactive bladder (OAB), to include as secondary to the Veteran’s service-connected hypertension, is remanded. 

The Board finds that the issue of entitlement to service connection OAB must be remanded to correct a duty to assist error that occurred prior to the November 2019 rating decision on appeal. 

Specifically, the Veteran contends that he experienced the symptoms of his OAB disorder in service. See August 2019 VA 21-526EZ; see also, September 2019 VA Examination. However, the September 2019 VA examiner did not address the in-service incurrence of the Veteran’s OAB disorder in rendering the medical opinion. Although the Veteran contended that his OAB disorder was related to his service-connected hypertension disability, the Veteran has consistently stated that he experienced the symptoms of OAB during service. See August 2019 VA 21-526EZ; see also, September 2019 VA Examination. Thus, the VA examiner should have addressed whether the Veteran’s OAB is directly related to the Veteran’s service. Therefore, the Board finds that the November 2019 opinion is inadequate for adjudicative purposes. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304. 

Based on the foregoing deficiency, an addendum opinion is warranted. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (once VA undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, it must provide an adequate one or, at a minimum, notify the claimant why one will not or cannot be provided). The addendum opinion should acknowledge and address the Veteran’s contention that he began to experience the symptoms of his OAB disorder during service. The examiner should determine whether the Veteran’s OAB disorder is directly related to the Veteran’s service. 

In ordering a remand in the instant case, the Board is not making a preliminary formal finding as to the credibility of the Veteran’s lay reports.  Rather, the Board is merely requesting that the examiner on remand consider the Veteran’s own descriptions of the history of his OAB disorder.  See Smith v. Wilkie, 32 Vet. App. 332, 338-39 (2020). 

The matters are REMANDED for the following action:

Return the file to the September 2019 VA examiner for an addendum opinion regarding whether the Veteran’s OAB is related to his service. If that examiner is unavailable, the opinion should be provided by another examiner. If a clinical evaluation is deemed necessary to answer the questions presented, one should be scheduled. The claims file, and a copy of the remand, must be reviewed by the examiner. A notation indicating that the claims file and remand was reviewed should be included in the examination report. Following review of the file and this remand, the examiner is to address the following:

(a.) Please state whether it is at least as likely as not (50 percent probability or more) that the Veteran’s OAB disorder had its onset in, was caused by, or is otherwise related to service. 

(b.) For the purpose of providing the opinion requested, please accept as valid the Veteran’s statements that he has experienced symptoms of OAB since service, and state whether a nexus between the Veteran’s OAB disorder and service is medically consistent with the information provided by the Veteran. (The Board reminds the Veteran that in asking the examiner to accept the history he provided, the Board is not at this time making an assessment of the credibility of his statements). 

In offering any opinion, the examiner should consider both medical and lay evidence. The addendum opinion should acknowledge and comment upon the significance of the Veteran’s contention that he began to experience the symptoms of OAB during service. 

The examiner should provide a complete rationale for any opinion rendered. If the examiner’s opinion is negative, he or she must clearly explain why, to include a discussion of why the evidence does not support a finding that the Veteran’s OAB disorder is related to service. If he or she cannot provide the requested opinions without resorting to speculation, he or she should expressly indicate this and provide a supporting rationale as to why that is so. 

 

S. C. Krembs

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Foster, Shaniese E.

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.